# U.S. District Court
## Northern District of Ohio (Cleveland)
### CRIMINAL DOCKET FOR CASE #: 1:01-cr-00021-SO-ALL

Case title: USA v. Miller                                   Date Filed: 01/17/2001

Assigned to: Judge Solomon Oliver, Jr                       06-PT-341

**Defendant**

**Peppi A Miller** (1)                    represented by **Harvey B. Bruner**
*TERMINATED: 08/28/2001*                  Bruner & Jordan
                                          1600 Illuminating Bldg.
                                          55 Public Square
                                          Cleveland, OH 44113
                                          216-566-9477
                                          Email: hbbdef@aol.com
                                          *TERMINATED: 08/28/2001*
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*
                                          Designation: Retained

                                          **Timothy J. Kucharski**
                                          3rd Floor
                                          1419 West Ninth Street
                                          Cleveland, OH 44113
                                          216-857-3001
                                          Fax: 216-696-2200
                                          Email: timkuch@aol.com
                                          *TERMINATED: 08/28/2001*
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*
                                          Designation: Retained

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: [signature]
Deputy Clerk

**Pending Counts**                        **Disposition**

18:922(g)(1) Felon in Possession of a     COMMITTED TO THE CUSTODY
Firearm                                   OF BOP FOR A TERM OF 51
(1)                                       MONTHS; 2 YEARS SUPERVISED
                                          RELEASE WITH SPECIAL
                                          CONDITIONS; $100.00 SPECIAL
                                          ASSESSMENT

**Highest Offense Level (Opening)**



Felony

**Terminated Counts**                                     **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                            **Disposition**

None

**Plaintiff**

**United States of America**                      represented by **Phillip J. Tripi, Jr.**
                                                   Office of the U.S. Attorney
                                                   Northern District of Ohio
                                                   801 Superior Avenue, W
                                                   Cleveland, OH 44113
                                                   216-622-3769
                                                   Fax: 216-522-8355
                                                   Email: phillip.tripi@usdoj.gov
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*



| Date Filed | # | Docket Text |
|---|---|---|
| 01/17/2001 | 1 | INDICTMENT by USA Counts filed against Peppi A Miller (1) count(s) 1 ( 2 pgs) (S,R) (Entered: 01/18/2001) |
| 01/17/2001 |   | ASSIGNMENT OF MAGISTRATE JUDGE to Mag. Judge William H. Baughman pursuant to Local Rule 57.9 assignment of cases. In the event of referral, this case will be referred to the Magistrate Judge noted. (pgs: 1) (S,R) (Entered: 01/18/2001) |
| 01/17/2001 | 2 | PRAECIPE by plaintiff USA: warrant for arrest of dft issued on 1/17/01 (1 pg) (S,R) (Entered: 01/18/2001) |
| 01/17/2001 |   | ARREST Warrant issued on 1/17/01 for Peppi A Miller (1 pg) (S,R) (Entered: 01/18/2001) |
| 03/02/2001 | 3 | MINUTES: before Mag. Judge William H. Baughman, Jr.; dft Peppi A Miller arr; not guilty to ct one plea entered; Atty Timothy J. Kucharski present; Bond set to $10,000.00 unsecured w/PT Sup, home confinement w/electronic monitoring, dft to maintain employment, travel restricted NDOH, no firearms, no alcohol or drugs, unless prescribed, drug testing & |

| | | |
|---|---|---|
| | | treatment as deemed necessary, no obstruction of drug testing or electronic monitoring & report any contact w/law enforcement officers, for Peppi A Miller; pt & trial will be scheduled by Judge Oliver. Court reporter: ECRO r Julie Knabe (issd 3/2/01) (1 pg) (W,J) Modified on 08/30/2001 (Entered: 03/02/2001) |
| 03/02/2001 | 4 | APPEARANCE BOND Posted ($10,000.00 unsecured w/PT Sup) by Peppi A Miller (1 pg) (W,J) (Entered: 03/02/2001) |
| 03/02/2001 | 5 | ORDER setting conditions of release for Peppi A Miller by Mag. Judge William H. Baughman, Jr. (5 pgs) (W,J) (Entered: 03/02/2001) |
| 03/06/2001 | 6 | ARREST Warrant returned executed as to dft Peppi A Miller; dft arrested on 3/2/01 (2 pgs) (B,B) Modified on 08/30/2001 (Entered: 03/06/2001) |
| 03/07/2001 | 7 | CR PT ORDER by Judge Solomon Oliver Jr.: final pretrial conf set for 2:00 on 4/5/01; trial set for 9:00 on 4/25/01; disc ddl 3/26/01; pretrial motions filed by 4/2/01, responses by 4/16/01 (issued on 3/7/01) 4 pg(s) (M,EJ) (Entered: 03/08/2001) |
| 03/30/2001 | 8 | MOTION to suppress the evidence seized from dft's person and automobile pursuant to a traffic stop, w/req for hrg by Peppi A Miller ( 7 pgs) (M,EJ) (Entered: 04/02/2001) |
| 04/06/2001 | 9 | FINAL PRETRIAL CONFERENCE ORDER by Judge Solomon Oliver Jr. final pretrial conf held on 4/6/01, the trial will go forward as sched, a suppression hrg will be held immediately prior to the beginning of trial. (issd) (1 pg) (B,B) Modified on 08/30/2001 (Entered: 04/09/2001) |
| 04/16/2001 | 10 | BRIEF by USA in opposition to dft's mtn to suppress evidence [8-1] ( 11 pgs) (M,EJ) (Entered: 04/17/2001) |
| 04/18/2001 | 11 | SUBPOENA returned. Issued on behalf of: USA. Served on: Patrolman Steve Zadella on 4/13/01. (M,EJ) (Entered: 04/18/2001) |
| 04/18/2001 | 12 | SUBPOENA returned. Issued on behalf of: USA. Served on: Patrol Officer Gregory Rodes on 4/13/01. (M,EJ) (Entered: 04/18/2001) |
| 04/19/2001 | 13 | TRIAL BRIEF by USA ( 9 pgs + exh list & stip. 4 pgs) (M,EJ) (Entered: 04/20/2001) |
| 04/19/2001 | 14 | PROPOSED Voir Dire Questions by USA ( 7 pgs) (M,EJ) (Entered: 04/20/2001) |
| 04/19/2001 | 15 | PROPOSED JURY Instructions by USA ( 38 pgs) (M,EJ) (Entered: 04/20/2001) |
| 04/23/2001 | 16 | MOTION to continue jury trial and suppress hrg set for 4/25/01 by Peppi A Miller ( 4 pgs + 3 exh pgs) (M,EJ) (Entered: 04/24/2001) |
| 04/24/2001 | | MARGINAL ENTRY granting deft's motion to continue jury trial and suppression hrg set for 4/25/01 [16-1] ; suppression hearing set for 9:00 on 5/7/01; trial set for 9:00 on 5/11/01 r (issued ) Judge Solomon Oliver Jr. (M,EJ) (Entered: 04/26/2001) |

| | | |
|---|---|---|
| 05/09/2001 | 17 | PROPOSED Voir Dire Questions by defendant ( 4 pgs) (M,EJ) (Entered: 05/10/2001) |
| 05/09/2001 | 18 | TRIAL BRIEF by defendant ( 8 pgs) (M,EJ) (Entered: 05/10/2001) |
| 05/11/2001 | 19 | MINUTES: before Judge Solomon Oliver Jr.; jury impaneled. Court reporter: Marian Banno (issd) (1 pg) (M,EJ) Modified on 08/30/2001 (Entered: 05/15/2001) |
| 05/11/2001 | 20 | MINUTES: before Judge Solomon Oliver Jr.; jury selected; adj to 5/14/9:00; Court reporter: Marian Banno (issd) (1 pg) (M,EJ) Modified on 08/30/2001 (Entered: 05/15/2001) |
| 05/14/2001 | 21 | MINUTES before Judge Solomon Oliver Jr.: opening statements of counsel, pltf's case begun and concluded; adj to 5/15/01 at 9:00 a.m. Court reporter: Marian Banno (issd) (1 pg) (M,EJ) Modified on 08/30/2001 (Entered: 05/17/2001) |
| 05/15/2001 | 22 | MINUTES before Judge Solomon Oliver Jr.: dft's case begun and concluded; final arguments; charge to the jury; jury deliberations begun and concluded; verdict reach; dft found guilty; sentencing on 8/9/01 at 2:00 p.m.; bond continued. Court reporter: Marian Banno (1 pg) (M,EJ) Modified on 08/30/2001 (Entered: 05/17/2001) |
| 05/15/2001 | 23 | JURY INSTRUCTIONS ( 36 pgs) (M,EJ) (Entered: 05/17/2001) |
| 05/15/2001 | 24 | ORDER by Judge Solomon Oliver Jr., consistent with the ct's ruling on the open record on 5/7/01, denying dft's mot to suppress the evidence seized from dft's person and automobile pursuant to a traffic stop [8-1] (1 pg) (M,EJ) Modified on 08/30/2001 (Entered: 05/17/2001) |
| 05/15/2001 | 25 | VERDICT as to Peppi A Miller as to ct 1 ( 1 pg) (M,EJ) (Entered: 05/17/2001) |
| 05/15/2001 | 26 | PROPOSED JURY Instructions ( 33 pgs) (M,EJ) (Entered: 05/18/2001) |
| 05/21/2001 | 27 | SUBPOENA returned. Issued on behalf of: gov. Served on: Bernadine Miller on 5/8/01. (M,EJ) (Entered: 05/21/2001) |
| 05/21/2001 | 28 | SUBPOENA returned. Issued on behalf of: gov. Served on: Kelly Hayes on 5/9/01. (M,EJ) (Entered: 05/21/2001) |
| 05/21/2001 | 29 | SUBPOENA returned. Issued on behalf of: gov. Served on: Leroy Miller on 5/9/01. (M,EJ) (Entered: 05/21/2001) |
| 08/08/2001 | 30 | MOTION to continue setencing scheduled for 8/9/01 by Peppi A Miller ( 2 pgs) (M,EJ) (Entered: 08/09/2001) |
| 08/09/2001 | 31 | ORDER by Judge Solomon Oliver Jr.: deft's bond is continued as previously set (issued on 8/8/01) 2 pg(s) (M,EJ) (Entered: 08/09/2001) |
| 08/10/2001 | | MARGINAL ENTRY granting dft's mtn to cont sentencing scheduled for 8/9/01 [30-1] ; sentencing reset for 1:00 on 8/23/01 for Peppi A Miller (issued ) Judge Solomon Oliver Jr. (M,EJ) (Entered: 08/17/2001) |

| | | |
|---|---|---|
| 08/23/2001 | 32 | MINUTES of proceedings before Judge Solomon Oliver Jr.: sentencing continued to 4:00 p.m. on 8/27/01 for Peppi A Miller. Court reporter: Heidi Geizer (2 pgs) (M,EJ) Modified on 08/30/2001 (Entered: 08/27/2001) |
| 08/27/2001 | 33 | MINUTES: before Judge Solomon Oliver Jr.; sentencing hrg held on 8/27/01; dft Peppi Miller sentenced on cnt 1 to the custody of BOP for a period of 51 months, 2 years supervised release with special conditions shall not commit another federal, state or local crime, illegally possess a controlled substance, subj to mandatory drug tests w/i 15 days following commencement of supervision and at least two additional drug tests during the course of supervision; $100.00 special assessment as to ct 1; recommend intensive drug/alcohol program, Morgantown Facility; mtn of dft for downward departure is denied; bond is revoked and dft remanded to the US Marshal; appeal rights given. Court reporter: Heidi Geiger (issd) (2 pgs) (M,EJ) Modified on 08/30/2001 (Entered: 08/29/2001) |
| 08/27/2001 | 35 | FINANCIAL AFFIDAVIT of dft Peppi Miller (1 pg) (H,S P P) (Entered: 08/30/2001) |
| 08/28/2001 | 34 | JUDGMENT and Commitment issued to U.S. Marshal: Sentencing Peppi A Miller (1) on cnt 1. COMMITTED TO THE CUSTODY OF BOP FOR A TERM OF 51 MONTHS; 2 YEARS SUPERVISED RELEASE WITH SPECIAL CONDITIONS; $100.00 SPECIAL ASSESSMENT ; dft remanded to the cutody of USM. Judge Solomon Oliver Jr. (6 pgs) (M,EJ) Modified on 08/30/2001 (Entered: 08/29/2001) |
| 09/06/2001 | 36 | NOTICE of Appeal by dft Peppi A Miller re: Judgment & Commitment order [34-4] (cc: all counsel-notice only. USCA-notice and doc(s) mailed on 9/6/01) FEE NOT PAID (3 pgs) (H,S P P) (Entered: 09/06/2001) |
| 09/14/2001 | 37 | ACKNOWLEDGMENT from USCA for the 6th Circuit of receipt of Notice of Appeal (USCA #: 01-3959) - dt rcvd 9/10/01; dt filed 9/12/01 (1 pg) (H,S P P) (Entered: 09/17/2001) |
| 09/25/2001 | 38 | MAIL Returned addressed to dft; notice of appeal returned to sender, no such number/street. (H,S P P) (Entered: 09/26/2001) |
| 10/24/2001 | 39 | TRANSCRIPT of proceedings before Judge Solomon Oliver Jr. for the following date: 5/7/01; C/R: Marian Banno (Re: [36-1]) (107 pgs) (H,S P P) (Entered: 10/26/2001) |
| 10/24/2001 | 40 | TRANSCRIPT of proceedings before Judge Solomon Oliver Jr. for the following date: 5/14/01; C/R: Marian Banno (Re: [36-1]) (218 pgs) (H,S P P) (Entered: 10/26/2001) |
| 10/24/2001 | 41 | TRANSCRIPT of proceedings before Judge Solomon Oliver Jr. for the following date: 5/15/01; C/R: Marian Banno (Re: [36-1]) (219 thru 287 pgs) (H,S P P) (Entered: 10/26/2001) |
| 11/02/2001 | 42 | JUDGMENT and Commitment returned executed on 10/18/01 dft delivered to FCI McKean at Bradford, PA as to Peppi A Miller (1) |

| | | |
|---|---|---|
| | | count(s) 1 ( 1 pg) (H,D) (Entered: 11/02/2001) |
| 02/10/2003 | 43 | INFORMATION COPY of order from USCA: Affirming the judgment of the District Court as to Peppi A. Miller (USCA# 01-3959). This is not a mandate order. Clerk: L. Green; Circuit Judges: Siler, Daughtrey and Cole. Dt issd 2/7/03 (4 pgs) (H,S P P) (Entered: 02/11/2003) |
| 03/07/2003 | 44 | TRUE COPY of order from USCA: Affirming the jgm of the District Court [36-1] (USCA# 01-3959). Clerk: L. Green; dt issd as mandate 3/5/03; Cost: None (1 pg) (H,S P P) (Entered: 03/10/2003) |
| 09/12/2006 | 45 | Probation Jurisdiction Transferred to U.S.D.C. for the District of Columbia as to Peppi A Miller. Transmitted Transfer of Jurisdiction form with certified copies of indictment, judgment and docket sheet. Letter and request for a returned receipt mailed on 9/12/06. (Gadomski, Y.) (Entered: 09/12/2006) |

USDC OHND 245B (Rev. 9/00) Sheet1 – Judgment in a Criminal Case

# United States District Court
## Northern District of Ohio
### Eastern Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Peppi A. Miller** | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1987)<br>**Case Number: 1:01CR21**<br>Counsel For Defendant: Mark Gardner<br>Counsel For The United States: Phillip J. Tripi, Asst. U.S. Atty.<br>Court Reporter: Heidi Geizer |

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☒ Was found guilty on count 1 (one) of the indictment
after a plea of not guilty

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section Number(s) | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. 922(g)(1) | Felon in Possession of a Firearm, a Class C felony | 8/29/2000 | 1 |

The defendant is sentenced as provided in pages 1 through __6__ Of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ (Is) (are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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<br>Defendant's Date of Birth: 05/31/1967<br>Defendant's USM Number: 38092-060<br><br>Defendant's Residence Address:<br>  15808 St. Clair Avenue, #2<br>  Cleveland, Ohio 44118<br>  216-738-7579<br><br>Defendant's Mailing Address:<br>  15808 St. Clair Avenue, #2<br>  Cleveland, Ohio 44118<br>  216-738-7579 | August 27, 2001<br>Date of Imposition of Judgment<br><br>_/s/ Solomon Oliver, Jr._<br>Signature of Judicial Officer<br><br>**Solomon Oliver, Jr.**<br>United States District Judge<br><br>Date: August 27, 2001 |

06-PT-341

DEFENDANT: **Miller, Peppi A.**
CASE NUMBER: **1:01CR21**

# IMPRISONMENT

  The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 51 months

[X] **The Court makes the following recommendations to the Bureau of Prisons: Defendant to participate in an Intensive Drug/Alcohol Treatment Program and housed at the Morgantown Facility.**

[X] **The defendant is remanded to the custody of the United States Marshal.**

[ ] The defendant shall surrender to the United States Marshal for this district.

  [ ] At    A.m. / p.m. on

  [ ] as notified by the United States Marshal.

  [ ] The defendant shall continue under the terms and conditions of his / her present bond pending surrender to the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  [ ] before 2:00 p.m. on the date indicated as notified by the United States Marshal.

  [ ] Before 2:00 p.m. on

  [ ] as notified by the United States Marshal.

  [ ] As notified by the Probation or Pretrial Services Office.

  [ ] The defendant shall continue under the terms and conditions of his / her present bond pending surrender to the institution.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

  Defendant delivered on _____ To _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
  Deputy U.S. Marshal

DEFENDANT: **Miller, Peppi A.**
CASE NUMBER: **1:01CR21**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years.

The defendant shall report to the probation office in the district in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

Unless otherwise stated in this Judgment, the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

☒ The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

☒ The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at anytime at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC OHND 245B (Rev. 9/00) Sheet 3a - Additional Conditions of Supervision

Judgment-Page __4__ of __6__

DEFENDANT: **Miller, Peppi A.**
CASE NUMBER: **1:01CR21**

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

_____   The defendant shall reside in a community treatment center, halfway house, or similar facility for a period of _____ Days/months to begin not later than _____ . (Work/medical release privileges granted).

_____   The defendant is committed to the custody of the Bureau of Prisons for _____ Months. It is recommended that the Comprehensive Sanctions Center be designated as the place of confinement.

_____   Upon release from the imprisonment portion of this sentence, the defendant shall be placed on supervised release for _____ Years. (Split-Sentence)

_____   The defendant shall participate in the Home Confinement Program with / without Electronic Monitoring for a period of _____ Days/months beginning no later than 30 calendar days from sentencing. You are required to remain in your residence unless you are given permission in advance by your Probation Officer to be elsewhere. You may leave your residence to work, to receive medical treatment and to attend religious services. You shall wear an electronic monitoring device, follow electronic monitoring procedures and submit to random drug/alcohol tests as specified by the Probation Officer. The defendant may participate in the Earned Leave Program under terms set by the Probation Officer. The defendant shall be required to pay the cost of the Home Confinement Program as directed by the Probation Officer.

_____   The defendant is not required to pay the costs associated with the Home Confinement Program.

_____   The defendant shall perform _____ Hours of community service as directed by the Probation Officer.

_____   The defendant shall reside and participate in a residential drug treatment program as instructed by your Probation Officer, until discharged by the facility and as approved by your Probation Officer.

_____   The defendant shall participate in, and successfully complete, a cognitive restructuring program as instructed by your Probation Officer.

__X__   The defendant shall participate in an outpatient program approved by the U.S. Probation Office for the treatment for drug and/or alcohol abuse which will include testing to determine if the defendant has reverted to substance abuse.

_____   The defendant shall participate in an outpatient mental health program as directed by the Probation Officer.

_____   The defendant shall permit his Probation Officer to conduct random searches and examinations of any personal computer/computing systems utilized by the defendant. The defendant shall assist such searches by providing all passwords and password phrases, together with all other information necessary to enable access to any and all computer files.

_____   The defendant shall provide the Probation Officer access to any requested financial information.

_____   The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the payment schedule.

USDC OHND 245B (Rev. 9/00) Sheet 5, Part A - Fine and Restitution

Judgment-Page 5 of 6

DEFENDANT: **Miller, Peppi A.**
CASE NUMBER: **1:01CR21**

## FINE AND/OR RESTITUTION

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $100.00 | $ -0- | $ -0- |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . . . . . . . . . . . $

☒ **Payments are to commence during the period of confinement through Bureau of Prisons Inmate Financial Responsibility Program in an amount determined to be appropriate.**

## FINE

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived for the
  ☐ fine and/or
  ☐ restitution.

☐ The interest requirement for the
  ☐ fine and/or
  ☐ restitution is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until          . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage of Payment |
|---|---|---|---|
| | | | |
| Totals: | $ | $ | |

☐ Additional Restitution Payees

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **Miller, Peppi A.**
CASE NUMBER: **1:01CR21**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [X]  special assessment of $ 100.00 is due in full immediately on count 1 (one);

B  [ ]  Lump sum payment of $_____ due immediately, balance due
        [ ] not later than _____, or
        [ ] in accordance with ____ C, ____ D, or ____ E below; or

C  [ ]  Payment to begin immediately (may be combined with ____ C, ____ D, or ____ E below); or

D  [ ]  payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period
        of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of
        This judgment; or

E  [ ]  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period
        of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release
        From imprisonment to a term of supervision; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:


The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.
**PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

[ ] Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:


[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):


[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: _____
Deputy Clerk

FILED
01 JAN 17 PM 2:23
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | I N D I C T M E N T |
| Plaintiff, ) | |
| ) | 1:01 CR 021 |
| ) CASE NO.: | |
| -vs- ) | Title 18, §922(g)(1) |
| ) | United States Code |
| PEPPI A. MILLER, ) | |
| ) | JUDGE OLIVER |
| Defendant. ) | |

COUNT 1

The Grand Jury charges:

On or about August 29, 2000, in the Northern District of Ohio, Eastern Division, PEPPI A. MILLER, having been convicted on July 28, 1997, in the Cuyahoga County Court of Common Pleas, Case No. CR-350883, of Abduction and Attempted Felonious Assault, did knowingly receive and possess in and affecting commerce, a firearm: that is a Llama, Model Mini Max II, .45 caliber pistol, serial number 07-04-18348-98, which had been shipped and

FILED
SEP 1 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06-PT-341-TFH

-2-

transported in interstate commerce, in violation of Title 18, Section 922(g)(1), United States Code.

A TRUE BILL.

_____
FOREPERSON

_____
EMILY M. SWEENEY
United States Attorney